15155

DAWSON v. SOUTHERN RY. CO. *ET AL.*

(11 S. E. (2d), 453)

*Messrs. Tompkins & Tompkins,* for appellants,

*Messrs. J. Hughes Cooper, James Hopkins* and *Edwin H. Cooper,* for respondent,

November 6, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

While Raymond I. Dawson was in the employ of the State Hospital for South Carolina he was struck by a train of the Southern Railway Company and suffered injuries from which he died. The beneficiaries of his estate filed claim with the commissioners of the South Carolina Workmen's Compensation Act claiming damages against the employer, the State Hospital, and were awarded by the commission the sum of Nineteen Hundred and Ninety-one ($1,-991.00) Dollars, which was paid by the State Hospital.

This action was then brought by W. K. Dawson, as administrator of the estate of Raymond I. Dawson, for the benefit of the brothers of the said Raymond I. Dawson, against Southern Railway Company and certain of its agents, servants and employees, alleging that the death of Raymond I. Dawson was caused by their negligence, etc. The complaint alleges also that the action is brought for the benefit of the brothers of the deceased, who are his sole heirs-at-law and distributees, "and who are entitled to the benefits under the action under the provisions of Section 412 of the Code of 1932, except so much of the recovery as is due the State of South Carolina by reason of the subrogated claim in the sum of Nineteen Hundred and Ninety-one ($1,991.00) Dollars, said claim arising by reason of the payment by the State Hospital of South Carolina to the plaintiffs herein the above amount as workman's compensation under the Workmen's Compensation Act of South Carolina".

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in that "the complaint shows on its face that the beneficiaries hereunder have claimed and accepted an award under the Workmen's Compensation Act of South Carolina, and are barred thereby from a recovery herein".

The demurrer was heard by Judge Stoll, who overruled it, saying in his order: "It appears to me, however, that under Section 11, of the South Carolina Workmen's Compensation Act, which became effective on July 1, 1938, that the complaint does state a cause of action and that the plaintiff is not barred from maintaining the action set forth therein."

The sole exception challenges this ruling of the Circuit Judge.

The demurrer is predicated upon the provisions of Section 7035-11, 1936 Supplement to the Code of Laws, 1932. It is true that this Act of 1935 was amended by the Act of July 1, 1937, to which Judge Stoll refers, but Section 11 of the Workmen's Compensation Act, as set out in the Acts of 1935, Act July 17, 1935, 39 Statutes at Large, 1237, was not amended but remains unchanged.

There is no doubt in this case that the plaintiff has accepted an award by the Workmen's Compensation Commission, and that award has been paid by the State Hospital, the employer of plaintiff's intestate. The award was made because the death of plaintiff's intestate from injuries caused by the alleged negligent act of the Southern Railway Company, its servants, agents and employees.

The provision of Section 11 of the Workmen's Compensation Act is that: "The acceptance of an award under this Act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, *and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party.*" (Italics added.)

Respondent's counsel argue that they have the right to maintain the action under Section 412 of the Code of 1932. This section declares who are beneficiaries under an action

brought under what we commonly call "Lord Campbell's Act", but we do not think it meets the question here involved. The Code of Civil Procedure, § 397, especially provides that the real party in interest must sue. But such consideration does not apply here. The matter is governed by the specific provisions of Section 11 of the Workmen's Compensation Act, viz., the acceptance by the claimant of the award of the commission, and its payment by the employer, operates as an assignment to the employer of the plaintiff's cause of action against the doer of the injury to the plaintiff's intestate and on account of which he died, and for which plaintiff as administrator filed his claim and received his award for compensation. And the Act specifically provides the manner in which the claim thus assigned shall be enforced, viz., in the name of the employer, in the name of the injured party or of his personal representative. Nowhere does the Act give the injured party or his representative the right of action for further damages against the party who inflicted the injury. On the contrary, it explicitly provides, Section 11, in part: " * * * That when such employee, his personal representative or other person may have a right to recover damages for such injury, loss or service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this Act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement and collection of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. * * * "

It is plain that he cannot have two actions for the same injury.

The appellant properly demurs on the ground that if plaintiff, as the representative of the deceased, may maintain this action, the cause of which has been assigned to the State Hospital, without the consent of the hospital, then the hospital may also sue it. Suppose in the present action the plaintiff fails to recover a sum as large as the award

made by the commission and paid by the hospital, and the hospital refused to accept it in payment of its assigned right of action, what shall estop the hospital from bringing its own action against the railway?

It appears on the face of the complaint that the action is brought by the administrator of the estate of the injured person for the benefit of his brothers, and it appears that this is not done by or with the consent of the hospital or for its benefit.

The appellant cites and relies on decisions by the Court of Appeals of Virginia, which sustain its contention; and the respondent cites in support of its argument an opinion of the Supreme Court of North Carolina. The citations from the Courts of both of these states deal with the Workmen's Compensation Acts of those states, which are in close analogy with ours, and the citations are interesting. However, as we have said in other cases, we prefer to construe our own Act, where its provisions, in our judgment, are plain and unambiguous.

The exception is sustained. The order appealed from is reversed. The complaint is dismissed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.