15222

DAVIS v. FLEMING *ET AL.*

(13 S. E. (2d), 484)

*Messrs. Wise & Whaley* and *W. Turner Logan, Jr.,* for appellant,

*Messrs. Elliott, McLain, Wardlaw & Elliott* and *Robinson & Robinson,* for respondent,

February 28, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff was employed to do certain painting in the decorating of the Palmetto Theater building at Columbia, South Carolina. The general contract for constructing the building was given to the respondents, except that for the painting and decorating of the interior, which was under an entirely separate contract made by the owners of the building with the Wil-Kin Theater Supply Company. While engaged in the work of painting, the plaintiff fell and sustained serious injuries.

The general contract contains the following provisions:

"Article 68. The general contractor is to provide labor and materials necessary to erect, to maintain and remove runways, scaffolding and ladders reaching from the lowest level of the building to the roof which may be required to the full execution of this work, including that of the mechanical or other contractors. The general contractor shall not be required to assume any responsibility in case of accident to any workman in the employ of the mechanical or other contractors which may be either wholly or partly due to the scaffolding used by them. It shall, however, be the duty of the general contractor to erect the runways, scaffolding and ladders in a substantial and adequate manner."

"Article 102. Painting and Decorating. This work will be done under separate contract, but the general contractor

shall supply scaffolding for this work as heretofore specified and shall lend reasonable assistance in its execution."

It is under the provisions of Article 68, *supra,* that this action is brought, it being alleged in the complaint that plaintiff was employed by Wil-Kin Theater Supply Company as a painter and it was necessary for him to walk upon a scaffold twenty feet from the floor, which had been erected by the defendants as general contractors under their contract with the owners of the property, which scaffold was intricate in design, and was erected prior to the time the plaintiff began to work. There is the further allegation that one of the uprights broke at a large knothole throwing plaintiff to the cement floor many feet below. That the plaintiff's injuries were due to and caused by the "carelessness, willfulness, wantonness, and negligence of the defendants" in the particulars set out. The plea is for $35,000.00 damages, actual and punitive.

For answer, the defendants set out: (1) A general denial of each and every allegation of the complaint; (2) that plaintiff has been and is receiving compensation from the Wil-Kin Theater Supply Company, or its insurance carrier, Employers Liability Assurance Corporation, for the injuries he received as a result of such fall, but the defendants particularly deny that this action is brought conformable to the South Carolina Workmen's Compensation Act, Act July 17, 1935, 39 Statutes at Large 1231, but on the contrary allege that under the facts set forth in the said complaint this action is brought contrary to the said Workmen's Compensation Act; (3) it is further alleged that this action is not brought in the name of the real party in interest and plaintiff has no right to maintain it, because he has accepted settlement under the Workmen's Compensation Act, under the terms of which any right of action accruing to plaintiff would accrue to the Wil-Kin Theater Supply Company, or its insurance carrier, Employers Liability Assurance Corporation, and any action should be brought by the said employer, or insurance carrier or both. Defendants further pled the contribu-

tory negligence of the plaintiff and his assumption of the risk of his employment.

It appears from the Record that when the case came before Judge Stoll, plaintiff's attorneys moved to strike from the answer so much of the third, fourth, fifth and sixth defenses as relate to plaintiff's having accepted an award under the Workmen's Compensation Act, which motion was refused. The plaintiff's attorney served notice of intention to appeal from the order of Judge Stoll.

It also appears from the record that the plaintiff, in order to reach a part of the wall where the scaffolding had been removed, with the assistance of a coworker, placed a board approximately eighteen feet in length, twelve inches wide, and two inches thick, with one end thereof resting on the remaining portion of the scaffolding about twenty feet from the floor, and the other end thereof resting upon the balcony; while walking along the board preparatory to painting that portion of the wall to which the scaffolding did not extend, the appellant was precipitated to the floor.

When the evidence in chief for plaintiff had been heard, the defendant moved for a nonsuit, which motion was denied. When all of the evidence was in, defendant made a motion for directed verdict in its favor, which motion was granted.

It will be observed that the complaint nowhere makes mention of the fact that the plaintiff had made application to the Commission of the Workmen's Compensation Act for, and had been awarded, compensation for the injuries which he had suffered by this fall, and that he had accepted the award. When the defendants by way of answer set up the defense as a bar to plaintiff's action the facts of this award and its acceptance, the plaintiff moved to strike such allegations from the answer, and, as is said hereinabove, plaintiff served notice of intention to appeal from Judge Stoll's order denying the motion to strike. During the trial of the case by Judge Bellinger, plaintiff's counsel sought to introduce evidence tending to show the amount of the

award and that it was being paid in monthly installments. The defendants' counsel objected to this testimony and the objection was sustained; the Court holding it to be irrelevant to any allegation of the complaint. During the argument on this question, plaintiff's counsel made the statement that the action was brought with the consent of the party who had paid the award. The Court said: "This action is not dependent on any right of subrogation." Thereafter, the plaintiff made a motion that the complaint be amended by alleging that this action is being brought by the plaintiff for the benefit of the Employers Liability Assurance Corporation, as provided by Section 11 of the South Carolina Workmen's Compensation Act. The Court said: "I think the most material objection is that by that you are really changing the party in interest, as it appears here now, and I think it comes too late. In other words, you had the opportunity, and you say that you are representing the one who paid the award. That should have been pleaded in the first instance. You are really changing your beneficiary, in so far as your pleadings are concerned. I will refuse that motion."

Judge Bellinger's order directing a verdict in favor of respondents is as follows:

"The theory of the plaintiff's action here is that he was employed by the Wil-Kin Theater Supply Company, which had an independent contract, that is a contract independent of the Mechanics Contracting Company, to do the painting and decorating in the theater that was being constructed, and that the Wil-Kin Theater Supply Company being an independent contractor on the building, made the Mechanics Contracting Company a third party, and that this action is brought against a third party, as contemplated under the Workmen's Compensation Act.

"The plaintiff's further theory is that the Mechanics Contracting Company, under its contract, was to furnish, that is, was to provide labor and materials necessary to erect, maintain and remove runways, scaffolding and ladders reach-

ing from the lowest level of the building to the roof, which might be required for the full execution of this work, including that of the mechanical or other contractors, and that it should be the duty of the general contractor, that is, the Mechanics Contracting Company, to erect runways, scaffolding and ladders in a substantial and adequate manner, as provided by Section 68 of the specifications introduced in evidence.

"The plaintiff takes the position that the Wil-Kin Theater Supply Company was operating under Section 102, headed 'Painting and Decorating', which provides that, 'this work shall be done under separate contract, but the general contractor shall supply scaffolding for this work as heretofore specified and lend reasonable assistance in its execution.'

"Now, taking the facts and construing them most favorably to the plaintiff in this action, we find—and most of these but not all are undisputed—we find that the Mechanics Contracting Company did build a scaffold upon which the painters and others were to work; that as the work progressed, a part of the scaffolding was torn away, leaving a part of the original scaffold standing; that while the plaintiff, Mr. Davis, and a fellow workman, were painting they took a board, and placed one end of that board on a seat tier of the balcony, and the other end on one of the cross-pieces of the remaining scaffolding; that while they were employed in their work, the end of the scaffold upon which one end of this board had been placed by Mr. Davis and his fellow workman gave way, and Mr. Davis fell to the floor and was injured.

"There is no evidence here that Mr. Davis or anyone connected with the painting contractor there made any request for the placing of a further scaffold, but the plaintiff and his fellow workman undertook to build their own scaffold in the manner indicated. The evidence here is clear and uncontradicted that the plaintiff when injured was not on the scaffold constructed by the Mechanics Contracting Company, but was on the board which the plaintiff and his

fellow workman had placed, with one end on the seat tier in the balcony, and the other end on the remaining part of the scaffold constructed by the Mechanics Contracting Company. In other words, this was an additional construction of a scaffold, and when I use the term 'scaffold', I do not agree with my friends over there in their interpretation of the term 'scaffolding' just meaning an upright piece, but anything you stand on—if it's a swinging scaffold it's tied by a rope, and there are various kinds. A scaffold is anything that is put up for them to reach their work, and it doesn't make any difference how it's constructed. So, as I view the evidence, the uncontradicted evidence in this case, the plaintiff here improperly risked danger to himself, which was a direct and proximate cause of his injury, in constructing the place in which or on which he was to work. That duty was not imposed upon him in the course of his usual duties. When the plaintiff voluntarily constructed the place on which he was working by placing the board with one end on the seat tier and the other on the remaining portion of the scaffold that had been constructed by the Mechanics Contracting Company, he was then and there not working on the scaffold constructed by the defendant here, the Mechanics Contracting Company.

"Now, the plaintiff here would be liable, the defendant rather would be liable to the plaintiff only if the plaintiff was injured while working on the scaffold provided by the defendant, and the defendant would not be liable for any injury to the plaintiff where the plaintiff undertook to construct his own scaffold, using a part of the defendant's remaining scaffold. In other words, the defendant couldn't be held liable where the plaintiff was working in a place or on a place not provided by the defendant. The plaintiff here voluntarily constructed the place he was working on, and not the defendant. In other words, the plaintiff created a dangerous place to work, and the dangerous place to work was not created by the defendant. It was the creation of this unsafe place to work by the plaintiff that was the direct and

proximate cause of the injury to the plaintiff. In other words, the plaintiff voluntarily created the unsafe place in which he was working. He voluntarily worked in that unsafe place which produced the injury, and if not in whole, contributed to his injury, as a proximate cause, without which the injury would not have occurred.

"So, I grant the motion for a directed verdict on the second, the third ground, and upon the reasons which incorporate perhaps further grounds. The reasons I have given perhaps incorporate further grounds than you have set forth in the grounds of your motion."

Plaintiff moved for a new trial, which was refused, and now appeals upon grounds stated in twenty-two exceptions, but which his counsel elect to treat in argument as embodying four questions, viz.:

"1. Can this action be maintained under Section 11 of the Workmen's Compensation Act?

"2. What was the legal relationship between plaintiff's employer and defendants?

"3. Was plaintiff's employer negligent in not providing him with a safe place to work?

"4. Did the Court err in directing a verdict for respondents?"

The defendants served the following additional grounds to sustain the order of Judge Bellinger:

"1. The Court should have granted a nonsuit or directed verdict upon the ground that the defendants were under no obligations to the plaintiff to furnish him a safe place of employment under the provisions of Section 68 and Section 92 of the contract.

"2. The Court should have directed a verdict upon the ground that the evidence clearly showed that the plaintiff was guilty of contributory negligence, in that he used scaffolding without making any inspection of it.

"3. Upon the ground that the plaintiff having testified that he accepted an award under the Workmen's Compensation Act and having brought this suit in his own behalf,

and it appearing from the plaintiff's testimony that the suit was brought in behalf of the plaintiff, this action is barred upon Section 11 of the Workmen's Compensation Act.

"4. Upon the ground that under Section 27 of the contract if plaintiff has a claim against these defendants it is a claim under the Workmen's Compensation Act and not a claim enforcible in Court.

"5. Upon the ground that if the testimony showed that the action was brought for the benefit of the Wil-Kin Theater Supply Company or its insurance carrier recovery is barred because of the negligence of the Wil-Kin Theater Supply Company in failing to furnish the plaintiff with a safe place to work.

"6. Upon the ground that the evidence shows that the plaintiff assumed the risk of his employment and may not recover in this cause."

In their brief, counsel for appellant say: "This question is raised by our exceptions One, Two, Three, Four and Five, and by defendants' third additional sustaining ground. This is a subrogation suit under Section 11 of the Workmen's Compensation Act, brought with the insurer's consent and for the joint benefit of the insurer and the injured employee. * * * "

We do not concur in this statement. The complaint is entirely silent of allegation that the action is brought with the consent of the insurer and for the joint benefit of the insurer and the insured employee. On its face the complaint is a tort action at common law brought by the employee to recover damages for injuries alleged to have been sustained by him through the negligence of the defendants. When the defendants, by their answer, set up the defense that the plaintiff had received and accepted an award by the Commissioners of the Workmen's Compensation Act, plaintiff moved to strike from the answer all allegations which relate to an award under the Workmen's Compensation Act, and has appealed from the order overruling this motion. Throughout the trial of the case it was

treated as a common-law action in tort, until counsel sought to show by its witnesses the amount and manner of payment of the award. These efforts so to prove were defeated by the action of Judge Bellinger in sustaining objections to the questions. Thereafter, the plaintiff moved to amend the complaint by alleging that *"this action is being brought by the plaintiff for the benefit of the Employers Liability Assurance Corporation, and for himself, as provided by Section 11 of the South Carolina Workmen's Compensation Act."* (Italics added.) It is too clear for argument that the action is not brought under Section 11 of the South Carolina Workmen's Compensation Act, which is in these words:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employees, his personal representative, parents, dependents or next of kin, as against employer at common law, or otherwise, on account of such injury, loss of service, or death: Provided, however, That when such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this Act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement and collection of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. In all cases where an employer and employee have accepted the Workmen's Compensation Act, as hereinbefore provided, any injury to a minor while employed contrary to the laws of this State shall be compensable under this Act the same and to the same extent as if said minor employee was an adult.

"The acceptance of an award under this Act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party. If the injured employee, his personal representative or other person entitled so to do, has made a claim under this Act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, institute such action prior to the making of an award hereunder.

"The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents are entitled, shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of this Section in excess of the amount paid by the employer, or for which he is liable, shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees when approved by the Commission: Provided, That no compromise settlement shall be made by the employer or insurance carrier in the exercise of such right of subrogation without the approval of the Industrial Commission being first had and obtained.

"When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee or his

personal representative: Provided, however, Nothing herein shall be construed as conferring upon insurance carriers any other or further rights than those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding."

We think the issues suggested by appellant's exceptions and embodied in his brief in four questions are disposed of by the case of *Dawson v. Southern Railway Company*, filed November 6, 1940, and reported in S. C., 11 S. E. (2d), at page 453. In that case Judge Stoll had said in overruling a demurrer to the complaint: "It appears to me, however, that under Section 11, of the South Carolina Workmen's Compensation Act * * * that the complaint does state a cause of action and that the plaintiff is not barred from maintaining the action set forth therein." The complaint in that case set forth that the action was brought for the benefit of the brothers of the deceased, "except so much of the recovery as is due the State of South Carolina by reason of the subrogated claim in the sum of Nineteen Hundred and Ninety-one ($1,991.00) Dollars, said claim arising by reason of the payment by the State Hospital of South Carolina to the plaintiffs herein the above amount as workman's compensation under the Workmen's Compensation Act of South Carolina." Here is direct reference to the fact that the State Hospital had paid the award and was subrogated to plaintiff's right of action, except as to any excess over the amount paid by the hospital. But this Court held that the action would not lie, as it was brought in the name of the representative of the deceased. We quote from that case:

" * * * The matter is governed by the specific provisions of Section 11 of the Workmen's Compensation Act, viz., the acceptance by the claimant of the award of the Commission, and its payment by the employer, operates as an assignment to the employer of the plaintiff's cause of action against the doer of the injury to the plaintiff's intes-

tate and on account of which he died, and for which plaintiff as administrator filed his claim and received his award for compensation. And the Act specifically provides the manner in which the claim thus assigned shall be enforced, viz., in the name of the employer, in the name of the injured party or of his personal representative. Nowhere does the Act give the injured party or his representative the right of action for further damages against the party who inflicted the injury. On the contrary, it explicitly provides, Section 11, in part:

" ' *   *   *   that when such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this Act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement and collection of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy.   *   *   * ' "

We think the trial Judge should have granted the defendant's motion for directed verdict on the ground that the plaintiff having accepted the award of the Workmen's Compensation Commission is barred from maintaining this action; and the order is sustained upon this additional ground offered by defendants, and also upon the grounds stated in the order.

We think the exceptions of the appellant and the other sustaining grounds of the respondent are covered by the order of Judge Bellinger.

The appellant did not argue his exceptions to the order of Judge Stoll and may be held to have abandoned them. We may say, however, they are without merit.

The order appealed from is affirmed as written, and as amended by the additional ground suggested by respondents.

MESSRS. JUSTICES BAKER and FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES L. D. LIDE and J. STROM THURMOND concur.