M. Melinda BERRY, Administratrix of the Estate of Robert H. Berry, Plaintiff,

v.

ATLANTIC COAST LINE RAILWAY CO., a corporation, and Carolina Power & Light Company, a corporation, Defendants.

Civ. A. No. 5642.

United States District Court
E. D. South Carolina,
Florence Division.

Aug. 12, 1960.

Robinson, McFadden & Moore, Columbia, S. C., for defendants.

Edward A. Harter, Jr., Columbia, S. C., for St. Paul Mercury Indem. Co.

WYCHE, District Judge.

The defendants have moved to tax the costs in this case against St. Paul Mercury Indemnity Company under these facts.

Robert H. Berry, an employee of Wilhoit, was electrocuted while working for that employer when the crane which was moving steel came in contact with a high tension line of the Carolina Power & Light Company. M. Melinda Berry, the mother and administratrix of Robert H. Berry, collected Workmen's Compensation from the employer's carrier, St. Paul Mercury Indemnity Company. Thereafter she instituted this action in this Court alleging that Carolina Power & Light Company and the Atlantic Coast Line Railway Company were joint tort feasors responsible for Robert H. Berry's death. St. Paul Mercury Indemnity Company endorsed on the bottom of the complaint its consent that the action be brought without waiving any rights as

subrogee. An amended complaint was filed in the action alleging that St. Paul Mercury Indemnity Company was subrogated to the extent of $8,000. St. Paul applied for and obtained an order from the District Court allowing it to file a pleading setting up a lien for the amount which it had paid.

A summary judgment was entered on the merits for the defendants in this Court. That order was affirmed upon appeal and certiorari was denied, 4 Cir., 273 F.2d 572; 362 U.S. 976, 80 S.Ct. 1060, 4 L.Ed.2d 1011.

St. Paul claims that it is not responsible for this suit since it was not a named plaintiff and since it permitted the litigation to be handled by counsel for the estate of the deceased. It is clear, however, that St. Paul never waived its right to recover the compensation which it had paid and had the suit been successful it would have benefited to the extent of $8,000.00.

Under the South Carolina Workmen's Compensation Statute, Code 72–124, a carrier having paid for an employer compensation becomes the owner of any cause of action which may exist against a third party. It has the right to sue on such a cause of action in its own name, in the name of the injured party, or in the name of the injured party's personal representative. It has the complete right to control the litigation. In other words, the action may not be brought by the injured party or by his personal representatives without the consent of the Workmen's Compensation carrier unless the carrier surrenders its claim for reimbursement. Such a waiver permits the cause of action to be brought by the injured party or his personal representative, Code 72–126. Dawson v. Southern Railway, 1940, 196 S.C. 34, 11 S.E.2d 453; Davis v. Fleming, 1940, 196 S.C. 343, 13 S.E.2d 434; Fuller v. Southern Electric, 1942, 200 S.C. 246, 20 S.E.2d 707; Taylor v. Mt. Vernon-Woodberry, 1947, 211 S.C. 414, 45 S.E.2d 809; Stroy v. Millwood, 1959, 235 S.C. 52, 59, 109 S.E.2d 706.

While the better practice is for the complaint to show clearly on its face that it is being brought by the carrier and for its benefit to the extent of its interest, St. Paul's failure to waive its right to reimbursement is a bar to its claim here that it should not be taxed with costs.

It is, therefore,

Ordered and Adjudged:

That judgment be entered against the St. Paul Mercury Indemnity Company for the costs heretofore taxed against the plaintiff and in favor of each of the defendants.