15423

FULLER *ET AL.* v. SOUTHERN ELECTRIC SERVICE CO. *ET AL.*

(20 S. E. (2d), 707)

248

September, 1941.

*Mr. Stephen Nettles and Messrs. Haynsworth & Haynsworth,* all of Greenville, Counsel for Appellant,

*Messrs. Wolfe & Fort,* of Gaffney, *Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, and *Mr. W. H. Nichol-*

*son,* of Greenwood, Counsel for Respondent, 

June 8, 1942.

The Opinion of the Court was delivered by Mr. Asso-
ciate Justice Fishburne:

On August 5, 1938, J. Butler Doolittle, a loom adjuster
in the employ of Matthews Cotton Mills, while preparing to
put into operation a newly installed electric loom, came to
his death by electrocution. Subsequently an award was made
by the South Carolina Industrial Commission against Mat-
thews Cotton Mills in favor of Mrs. Lucile Doolittle, the
widow and personal representative of the deceased, and his
children, which award was paid by the United States Cas-
ualty Company pursuant to the provisions of the Work-
men's Compensation Act.

This action was brought against Southern Electric Serv-
ice Company and L. S. Zeigler, its foreman, as joint tort-

feasors, it being alleged that Doolittle's death was due to the joint and concurrent negligence of the defendants in the particulars alleged. It was further stated in the complaint that the action was instituted for the benefit of the United States Casualty Company, the insurance carrier paying the award under the Workmen's Compensation Act—which insurance carrier was the subrogee to the rights and remedies of the employee, J. B. Doolittle—and for the benefit of his widow and his minor children for damages resulting from his wrongful death, as their respective interests may appear. That is, for the insurance carrier, such part of the recovery as equals the award paid, and for the widow and children such part of recovery as may be in excess of the award.

The United States Casualty Company, both in the caption of the complaint and by attorneys of record thereto subscribed, appears as party plaintiff to the suit along with Mrs. Doolittle, the administratrix.

The defendant, Zeigler, did not answer or demur.

Southern Electric Service Company, after answering and setting up a general denial and contributory negligence as defenses to the action, subsequently moved for an order permitting it to amend its answer by alleging two additional defenses, and for an order joining Matthews Cotton Mills as a party defendant. These motions were overruled, and from the judgment of the Circuit Court this appeal is taken.

The new defense which the defendant wished to set up, which we shall refer to as its third defense, raised the issue that the complaint does not state a cause of action in favor of the plaintiff, Mrs. Lucile Doolittle, as administratrix of the estate of J. Butler Doolittle, for the reasons that it appears that his death occurred during the course of his employment and that an award under the South Carolina Workmen's Compensation Act was made against his employer, Matthews Cotton Mills, in favor of the widow and children, and that the said award has been paid and accepted. This was pleaded as a bar to the action.

The defendant contends that the personal representative of an injured employee who accepted compensation under the Workmen's Compensation Act cannot maintain an action against a third party for the benefit of herself and the insurance carrier. It is argued that the complaint shows beyond question that the action was instituted by the widow, as administratrix, primarily for the benefit of herself and the children of the deceased, even though it is alleged that the insurance carrier who paid the award is to share in any recovery to the extent of the award.

The complaint alleges in part: "That Mrs. Lucile Doolittle (now Mrs. Fuller), duly qualified as administratrix of the estate of the said J. B.. Doolittle, deceased, for the purpose of bringing this action for and on her own behalf as surviving widow of the said J. B. Doolittle, and for his minor children herein alleged, for the injury sustained by said widow and children because of the wrongful death of the said J. B. Doolittle and for resulting damages commensurate with said injury and loss and does now bring this action under and pursuant to the provisions of said Workmen's Compensation Act, and under Section 411, and Section 412, Code of Civil Procedure, 1932, for the benefit of herself, as surviving widow aforesaid and the aforesaid surviving children of the said J. B. Doolittle, deceased, and for the benefit of said subrogee as their respective interests may appear, to wit: for the subrogee in such recovery as may be had, an amount to the extent of the award paid; for the said widow and children, the amount of such recovery as may be in excess of said award."

The prayer of the complaint is: "Wherefore, the said plaintiff, Mrs. Lucile Doolittle Fuller as administratrix, prays judgment against the defendants, jointly and severally in the sum of Twenty-five Thousand ($25,000.00) Dollars, as actual and punitive damages."

While not technically a demurrer, the appellant's proposed third defense must of necessity be so treated and regarded; it raises an issue of law which involves not only a construction of the complaint, but an interpretation of Section 7035-11, 1936 Supplement to the 1932 Code of Laws.

After providing that the rights and remedies therein granted shall exclude all other rights and remedies of an employee, his personal representative, parents, dependents, and next of kin, as against the employer at common law, Section 11 provides as follows:

"When such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this Act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement and collection of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. * * *

"The acceptance of an award under this Act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party. If the injured employee, his personal representative or other person entitled so to do, has made a claim under this Act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, in-

stitute such action prior to the making of an award hereunder. * * *

"When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee or his personal representative: Provided, however, Nothing herein shall be construed as conferring upon insurance carriers any other or further rights than those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding."

The first provision restricts the employee, his personal representative, or other person, to recovery by one of the alternate remedies. If he has a right to recover damages from any person other than the employer, he may institute an action at law before an award is made and may prosecute his suit to its final determination; but if he procures a judgment in the action at law he is barred of his remedy for an award under the Workmen's Compensation Law, and if he accepts an award he is barred of his remedy in the action at law. He may recover by one of the alternate remedies, but not by both. Though he may proceed concurrently against the employer and a third person, he cannot recover both compensation under the Act and damages in an action at law. But this does not affect the right of the employer or of the insurance carrier, who has paid the award, to maintain an action against a third party who has wrongfully caused the injury for which compensation was given.

Section 11 provides that the acceptance of an award shall operate as an assignment to the employer of any right to recover damages which the injured employee or his representative may have; that the employer

shall be subrogated to such right and may enforce in his own name or in the name of the employee or his personal representative the legal liability of the other party; and that an insurance carrier which has paid compensation for the employer shall be subrogated to the employer's rights and duties and may enforce such rights in its own name, or in the name of the insured employee or his personal representative. The Compensation Law assigns the injured person's right of action against a tort-feasor to the employer or to the employer's insurer and enables the assignee to maintain the action which the employee could have maintained had no such assignment been made. 2 Schneider's Workmen's Compensation, Section 466. In such case the action is prosecuted, not in behalf of the injured employee, or of the persons designated as beneficiaries of the recovery, but in behalf primarily of the employer or of the insurance carrier.

As alleged in the complaint, the United States Casualty Company, the insurance carrier, paid the award. By the terms of the Act the company is, therefore, the assignee of any right to recover damages which the employee or his personal representative has against the defendant, and is subrogated to such right.

The Compensation Law provides that any amount collected by the employer or subrogee in excess of the amount paid by him, or for which he is liable, shall be held for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees when approved by the industrial commission.

The Act provides that the insurance carrier, subrogee, may enforce such rights in its own name or in the name of the injured employee, or his personal representative. It is alleged in the complaint that the present action is prosecuted on behalf of and for the benefit of United States Casualty Company, the subrogee and co-plaintiff, to the extent of the award paid and for the benefit

of the widow and children to the extent such recovery may exceed the award.

The demurrer admits these allegations. Upon this admission we would be justified in assuming at least in the absence of allegation and proof to the contrary, that the insurer is prosecuting the action by virtue of the assignment of the employee's rights and its subrogation thereto, in the name of the legal representative of J. Butler Doolittle. But we need not rest upon this assumption. The whole tenor of the complaint not only shows this to be true, but the United States Casualty Company having been joined as a co-plaintiff, this fact clearly gives consent and authority to the institution of the action in the name of the personal representative, and moreover gives record assurance of its willingness to be bound by the outcome of the action.

It is usual when an action is brought in the name of the person for the benefit of another to state that fact in the body of the complaint, as was done in this case, or to have authority therefor endorsed on the complaint or on the summons by the person for whose benefit the action is brought. This convenient practice is followed in order to give notice to the defendant of the rights of the beneficial plaintiff, and to enable the Court to protect him by its orders. In the present case, not only is the allegation made in the complaint that the action is brought for the benefit of the insurer, but the insurer appears as a party plaintiff, and its appearance is the equivalent of the signed endorsement authorizing the action. It would be too technical to hold otherwise. We therefore agree with the Circuit Court that the action may be continued as brought, which under the law is primarily for the benefit of the insurer, and also for the benefit of the widow and children of J. B. Doolittle, deceased, who pursuant to the terms of the Act may participate in such recovery as may be obtained to the extent such recovery exceeds the award.

Obviously, the action is not brought solely for the benefit of Mrs. Doolittle, as administratrix, as was true in the case of *Dawson v. Southern R. Co.,* 196 S. C., 34, 11 S. E. (2d), 453. In that case it clearly appeared that the State Hospital, which had paid the award and had succeeded to the rights of the plaintiff's intestate, had not given its consent to the maintenance of the action against the railroad company for the wrongful death of the employee. The same point was at issue in *Davis v. Fleming,* 196 S. C., 343, 13 S. E. (2d), 434, where the action was brought by an injured employee against a third party solely for his own benefit; and the Court held, among other things, that the action could not be maintained because it was not a subrogated action brought with insurer's consent and for the joint benefit of the insurer and the employee.

By its proposed fourth defense, which was disallowed by the judgment of the lower Court, the appellant sought to show that the employer, Matthews Cotton Mills, under its contract with the appellant, Southern Electric Service Company, agreed to furnish public liability insurance protecting the appellant from claims of the type here involved, and that having failed to do so, the appellant would be entitled to indemnity from said employer to the extent of any recovery against it. A copy of the contract in question is set out in the record and is made a part of the proposed fourth defense. Matthews Cotton Mills under this contract furnished compensation insurance, but it is alleged that the mill failed to meet its obligation to furnish insurance cost covering public liability insurance.

The gist of the action set forth in the complaint is negligence on the part of the defendant, Southern Electric Service Company, which under its contract with Matthews Cotton Mills installed the looms and other electric fixtures and equipment in the mill, and its foreman, Zeigler, in the particulars alleged, causing the death of J. B. Doolittle, an employee of the mill. The defendants are sued as a "third

party—" that is, an independent contractor which was engaged at the time in carrying out its contract.

The lower Court disallowed the fourth defense on the grounds, among others, that the contract between Southern Electric Service Company and the employer, Matthews Cotton Mills, was an independent contract not connected with the subject of this action; and further that any action against the employer under the alleged contract should be litigated in an independent action. We find no error in this ruling.

Appellant contends that it cannot properly be said that the contract between the employer and the appellant was an independent contract not connected with this action. It says that the respondents themselves have injected it, because in the complaint reference is made to the execution of the contract and the duties and obligations imposed upon the appellant thereunder. We think there is no sound basis for this contention. It seems clear to us from the standpoint of pleading that the alleged contract between the mill and the appellant is referred to in the complaint only for the purpose of determining the status of Southern Electric Service Company as an independent contractor. This allegation merely serves to characterize the status of the appellant and its foreman as a "third party" under the Workmen's Compensation Act. A reading of the alleged contract does not disclose that it pertains or relates to the tort action set out in the complaint.

If the Matthews Cotton Mills failed to comply with its obligations under the alleged contract by procuring or furnishing public liability insurance, this might constitute a breach of contract for which damages would lie, and such question could be litigated in an independent action between Southern Electric Service Company and the mill.

Appellant says that its right to set up as a defense any claim which it may have against the employer for contribution or indemnity is made certain by the

1941 amendment (Acts 1941, page 1314, No. 527) to the Workmen's Compensation Act. Section 2 of this Act reads as follows: "In any case where the facts are such at the time of the injury that the third party would have the right, upon payment of any recovery against him, to enforce contribution or indemnity from the employer, any recovery by the employee against the third party shall be reduced by the amount of such contribution of indemnity and the third party's right to enforce the same against the employer shall thereupon be satisfied."

It is said that if the appellant failed to take advantage of the provisions of the quoted section, the employer in an independent action against it might very well plead such failure as a bar. We do not think so.

In our opinion, the section quoted is not applicable under the facts here. It relates to a right of contribution or indemnity arising out of the facts existing "at the time of the injury," and not to some pre-existing arrangement between an employer and a third party such as we have here. The counterclaim or cross action which appellant seeks to inject into the case as between itself and Matthews Cotton Mills arises out of an entirely separate transaction not connected with the tort action in question. In our opinion it will be in furtherance of justice that these separate actions be kept apart.

Having reached this conclusion, we must sustain the holding of the lower Court that the employer, Matthews Cotton Mills, is not a necessary or proper party to the pending cause.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.