**BURNS v. CAROLINA POWER & LIGHT CO. (J. A. JONES CONST. CO., third-party defendant).**

Civ. A. No. 2194.

United States District Court
E. D. South Carolina, Florence Division.

Feb. 2, 1950.

J. E. Dudley, Bennettsville, S. C., Mozingo & Watts, Darlington, S. C., for plaintiff.

Dargan, Paulling & James, Darlington, S.C., A. Y. Arledge, Raleigh, N. C., for defendant and third-party plaintiff.

McKay & McKay, Columbia, S. C., third-party defendant.

WARING, Chief Judge.

The plaintiff, John Burns, was employed at a plant known as Consumer's Brick Yard in Darlington County, South Carolina. Certain high voltage lines of the Carolina Power and Light Company (hereinafter referred to as Carolina) had been built and maintained carrying electric current to and over portions of the brick yard. Burns and other employees were engaged in certain work there, and he suffered personal injuries caused by electric current. The Consumer's Brick Yard was owned and operated by J. A. Jones Construction Company (hereinafter referred to as Jones).

Burns was covered by the Workmen's Compensation Law of South Carolina, Code of Laws of South Carolina, 1942, Section 7035 et seq., and appropriate proceedings were had and an award made. Thereafter, as provided by Section 7035-12 of said law, this suit was instituted against Carolina and another employee of the brick yard. Carolina removed the case to this Court and motion to remand was made. This Court refused to remand and retained the cause but dismissed the co-defendant holding that the allegations of the complaint showed negligence in regard to the construction, operation and maintenance of the power lines and that the allegations of the negligence of the co-defendant were not joint with those of Carolina. See opinion, Burns v. Carolina Power and Light Company, D.C., 88 Supp. 767. The complaint had alleged certain negligences of Carolina and, in addition, it was claimed that the co-employee of Burns negligently operated a crane owned and operated by the brick yard and brought this crane in contact with the transmission lines of Carolina.

Subsequently, Carolina applied to this Court and obtained permission to institute a third party proceeding under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for the District Courts of the U. S. This was allowed and a third party complaint was filed and served making Jones a third party defendant. The last named now appears and moves to be dismissed. It takes the position that, having fully complied with the provisions of the Workmen's Compensation Law, it is not responsible to Burns or to Carolina and that it has fully discharged all of its obligations and that this attempt to make it a third party defendant would abrogate and cancel the provisions of the Compensation Law which secure to it immunity from suit for such an injury as this except within the fixed provisions of that law.

Carolina answered the original complaint denying negligence or liability. And an examination of its third party complaint shows that it reiterates its position relative to the construction and maintenance of its high power transmission and other lines. It alleges that with the full knowledge and consent of Jones, it swung the wires over a portion of the latter's premises so as to deliver electric current and it alleges that all of that was done with care and it was in no sense negligent. And Carolina further alleges that at the time and place of the accident Jones caused certain of its workmen to use and operate a large machine "sometimes called a crane", which said crane became broken or out of order and in need of repairs; and that instead of the same being done at the place where the machine was then stationed and doing work where it was entirely out of reach of or in any danger of coming in contact with defendant's transmission lines, the said Jones negligently had the machine moved a considerable distance away and under the lines of Carolina and the said crane was so negligently manipulated that it came in contact with the wires resulting in the

transmission of electricity causing the injury to Burns. So we see that the gravamen of the third party complaint is the negligence of Jones in moving, operating, repairing, and manipulating this crane.

Now if there were no question of the Workmen's Compensation Law being involved and this were an ordinary common law case based upon negligence, the plaintiff, Burns, might have brought a joint action against Carolina and Jones showing by appropriate allegations that they were joint and concurrent tort feasors. But the Workmen's Compensation Law of this state precluded such an action since Jones was liable to Burns only and wholly under that law. And Jones now takes the position that what could not have been done directly should not be done by indirection by making it a third party defendant. Carolina takes the position that the Workmen's Compensation Law does not forbid this form of action but that, in fact, it is contemplated under such law that an action of this kind may be brought, specifically referring to Section 7035-13 of said law.

■ Of course, this being a case of removal from a state court because of diversity of citizenship and since it involves the construction of a statute of the State of South Carolina, this Court should and must be bound by decisions of the South Carolina courts. Unfortunately, neither the industry of counsel nor this Court's own search has disclosed any authoritative decision of the Supreme Court of South Carolina that is of any material help. The nearest approach to such a decision is in the case of Fuller v. Southern Electric Service Company, 200 S.C. 246, 20 S.E.2d 707. But a careful examination of the Court's decision will show that there was an indemnity agreement between the parties and that the Court was not passing upon rights of contribution or indemnity arising out of the facts themselves. And so that case is of little, if any, help, and we do not find any others that are of real assistance. A number of South Carolina decisions have been called to my attention sustaining the well known and generally accepted doctrine that a plaintiff may not be required to select which of several joint tort feasors he will sue; and also as to the doctrine that joint tort feasors in this state cannot be required to contribute and that satisfaction of a claim against one exonerates the others. But there is no serious contention between the parties here as to these doctrines and I shall not cite any authorities. And so we must go outside of the state for any help by construction of similar Workmen's Compensation Laws. There are some that seem to be in conflict.

Carolina relies most upon a series of New York decisions all of which stem from a decision by the Court of Appeals in 1938, namely, Westchester Lighting Co. v. Westchester County S. E. Corp., 278 N.Y. 175, 15 N.E.2d 567, 569. That case was one where a workman who was covered by the New York Workmen's Compensation Act suffered injuries and death as a result of gas escaping from a pipe of the plaintiff. The estate of the workman had received an award under the Compensation Law from his employer and then brought an action against the company owning the gas pipes and obtained a verdict because of its allowing gas to escape and cause his injury. The gas company then brought this suit against the employer for indemnification, and defendant pled, as a bar to the action, that it was covered by the Workmen's Compensation Act. But the Court held otherwise and allowed recovery and this case, it is claimed, sustains the position of Carolina in the instant case. A careful consideration of the two cases, however, discloses that the facts and circumstances were quite different and admittedly, the New York case was not one where it could be claimed that the two corporations were joint tort feasors. The company owning and maintaining the gas pipe lines was held liable to the estate of the deceased because undoubtedly its gas was escaping and it was responsible for the supervision and security of the same. But while the estate of the deceased had a right to bring this action and recover, undoubtedly the sole cause of the leaking gas was the negligence of the deceased's employer in breaking the pipe and negli-

gently attempting to repair and remedy the break. The Court itself, in its prevailing opinion, says "Recovery over against the employer in an *unusual* case like this need not be rested upon any theory of subrogation. An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action." (Emphasis added.) That decision was followed by the Circuit Court of Appeals for the 2nd Circuit in Burris v. American Chicle Co., 120 F.2d 218. But again, we must carefully consider the facts on which the decision is based. A state statute, Labor Law N.Y. § 202, as added by Laws 1930, c. 605, § 2, and amended by Laws 1938, c. 657, § 5, required the Chicle Company as the owner of an office building to "provide, equip and maintain approved safety devices" on the windows of its building. The company entered into a contract with a window cleaning company which furnished all the equipment and the same being defective, Burris, while cleaning windows, was injured. He sued the Chicle Company and recovered and it, in turn, having made the window cleaning company a third party defendant, was allowed indemnification on the authority of the Westchester case, supra. Of course, the Federal Court had to follow the decisions of the New York courts since it was a case in which its jurisdiction was based upon diversity of citizenship and the facts were quite similar in their implication to the New York decision above quoted. There was but one act of negligence here, the furnishing of defective equipment; and recovery was had by Burris against the building owner because the statute imposed upon it the duty of furnishing such equipment. As a matter of fact, the equipment was furnished by the window cleaning company but the statutory duty could not be delegated. So this company, having once been found liable, had a right to pursue the active and actual perpetrator of the acts of negligence and to be indemnified.

As opposed to the doctrine as announced in the foregoing decisions, my attention has been called to decisions in the Courts of Maryland, North Carolina, Pennsylvania and Wisconsin. These will be found and considerable light is shed on this matter in an interesting annotation in 156 A.L.R. commencing at page 467. The annotation is appended to the case of Baltimore Transit Company v. State, a decision by the Maryland Court of Appeals which is published in full in 183 Md. 674, 39 A.2d 858, 861, 156 A.L.R. commencing at page 460. This case and many of the others arose in states which had adopted acts authorizing the joinder of, and/or contribution by, joint tort feasors contrary to the general law above referred to. There is no such act in South Carolina and so these cases are not distinctly in point but the reasoning as applied to the South Carolina Compensation Law is applicable and as a matter of fact, this reasoning is even stronger since the states involved have allowed joint tort feasors actions. As was said in the Baltimore Transit case, supra, "We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law."

The case of Brown v. Southern R. Co., 202 N.C. 256, 162 S.E. 613, 618, is especially pertinent. In North Carolina there is also a statute permitting a joint tort feasor to be made party defendant but the Court there held that an employer who had discharged its obligations under the Workmen's Compensation Law cannot be brought into an action as such a joint tort feasor. Brown was an employee of the Chero-Cola Bottling Company and was injured when its truck had a collision with a Southern Railway train. He recovered compensation but later brought an action against the railway for negligence. The trial court allowed the railway company to bring the Chero-Cola Bottling Company in as a party defendant. The appellate court quotes the provisions of the Compensation Law providing that the remedies therein provided are exclusive and says: "By virtue of the foregoing provi-

sions of the statute, the Chero-Cola Bottling Company, on the facts appearing in the record, and admitted for the purposes of plaintiff's appeal, is not liable to plaintiff as a joint tort-feasor. The said company has been expressly relieved of such liability by the provisions of the statute. For this reason there was error in the order of the judge affirming the order of the clerk of the superior court of Buncombe county. The order is reversed." And while we are not bound by any decisions of other states, the construction of the North Carolina Compensation Laws by the Supreme Court of that State is almost authoritative here. South Carolina was one of the latest states in the union to adopt a compensation act and when it did, it followed the North Carolina act almost verbatim, and therefore, the North Carolina Court constructions have received an especial consideration in this state and the Supreme Court of South Carolina has frequently referred to North Carolina decisions with approval and followed them as useful guides.

If it were necessary to decide definitely the law of South Carolina regarding these matters, I would feel that the greater weight of authority is against the right to bring in this third party defendant and would refuse to follow the New York decisions adopting rather those of Maryland, North Carolina and other states referred to. But it is unnecessary to definitely adjudicate that question because of the matters hereinafter discussed.

Under the pleadings and showing here made, Carolina's right to have Jones made a third party defendant must fail. In many of the decisions above referred to, it is shown that the original defendant was held liable for an act for which he might have been liable to the original plaintiff but which act was really solely caused by the delicts and faults of the third party defendant. In the Westchester case, which is the leading one from New York, it will be noted that the sole and only reason for the escaping gas which caused the injury was the negligent work of the employer of the injured party. Because the gas company was responsible for the safety of its lines, it was held liable to the injured workman and then allowed under the theory of indemnity, to claim reimbursement from the party actually causing the circumstances whence arose the injuries. In the instant case, the facts are radically and entirely different. If, as has been alleged in plaintiff's complaint, Carolina has constructed and maintained its power lines negligently, it would be held liable. If it is not guilty of such negligence, the verdict must be found for it. And if it is shown that the crane was operated negligently by Jones or his employee and that that was the sole cause of the injuries such a showing will be a complete defense and must result in a verdict for Carolina. But if, on the other hand, it be shown that the injuries resulted from the joint negligence of the two parties, namely Carolina and Jones by the one swinging his wires negligently and the other swinging his crane negligently so that they met, then we have a case of joint tort feasors; the injuries arising out of and resulting from concurrent acts of negligence. The Court will not go into the degree of negligence shown against joint tort feasors. It is not required to inquire into and decide whether each is responsible for 50% negligence or if the negligence is 40 and 60 or 30 and 70 or in any other proportion. But if the two are negligent through acts respectively done by them and which together caused the damage, then they come clearly within the classification of joint tort feasors.

■ On behalf of the contention made by Carolina, it is said that the South Carolina law goes further than most of the state Compensation Acts and specially provides for just this kind of action. And in support of such argument, the following portion of the Compensation Law is cited: "7035-13. Rights of third party against employer. In any case where the facts are such at the time of the injury that the third party would have the right, upon payment of any recovery against him, to enforce contribution or indemnity from the employer, any recovery by the employ-

ee against the third party shall be reduced by the amount of such contribution of indemnity and the third party's right to enforce the same against the employer shall thereupon be satisfied."

When first read, this section seems rather involved and meaningless, but when more carefully considered, it seems to me that it does not at all have the meaning contended for by Carolina. If it was intended that action could be brought for indemnity as is proposed in this case, It would have been quite simple to say that the third party would have a right of action against the employer. But the section does not state that but only states that if the third party did have the right to enforce contribution, a recovery by the employee against such third party shall be reduced by the amount of such contribution and the third party's right to enforce it be satisfied. It seems to me the only meaning that this can have is that where an employer has paid compensation, the third party, when sued, shall be entitled to a deduction in that amount or in the event that the employee shall have elected to go against the third party alone, that such third party may be entitled to force the employer to contribute to the extent for which he would have been liable under the Act.

And so as it is quite apparent that under all the allegations of the original complaint and of the third party complaint, Carolina and Jones are here charged as joint tort feasors and the theory of indemnity must fail. And even if we should follow the line of authorities relied upon by Carolina, they would not be applicable to this cause. I have, therefore, come to the conclusion that the third party proceedings are not applicable in this case and the third party complaint must be dismissed and the third party defendant, namely J. A. Jones Construction Company, be discharged from this cause.

In the case of Lawrence Nolan v. Carolina Power and Light Company (Civil Action 2195), a similar action is pending for injuries alleged to have been caused by the acts above discussed. The pleadings are substantially the same and the same motions are made. Therefore, the foregoing views will also apply to that case.

Appropriate orders will be filed in both cases.