Lillie Mae Adams BALLARD, as Administratrix of the Estate of Henry G. Ballard, deceased, Plaintiff,

v.

The SOUTHERN COTTON OIL COMPANY, Defendant.

Lillie Mae Adams BALLARD, as Administratrix of the Estate of Henry G. Ballard, deceased, Plaintiff,

v.

The SOUTHERN COTTON OIL COMPANY, Defendant.

Civ. A. Nos. 5198, 5199.

United States District Court
E. D. South Carolina,
Columbia Division.
March 21, 1956.

See also D.C., 145 F.Supp. 886.

Edens & Woodward, Columbia, S. C., for plaintiff.

Whaley & McCutchen, Columbia, S. C., for defendant.

TIMMERMAN, District Judge.

These two actions arise out of the same incident. One is for the pain and suffering endured by plaintiff's intestate; the other is for his wrongful death. The facts are alleged to be as follows: Defendant, desiring to have the walls of one of its buildings raised, engaged one E. B. Goodale to do the job. Goodale hired plaintiff's intestate to help him. While working on the occasion in question, plaintiff's intestate stood upon and worked from a scaffold, furnished by defendant, some twenty to twenty five feet above the concrete floor of defendant's building. Suddenly, the scaffold broke, and plaintiff's intestate fell to the floor receiving injuries from which he died the following day. The injury and resulting death are attributed to negligence and willfulness on the part of defendant in

faulty erection, construction and maintenance of the scaffold.

The record discloses, and the fact is not disputed, that prior to the commencement of these actions, plaintiff was paid an award under the South Carolina Workmen's Compensation Law, Title 72, Code of Laws of South Carolina 1952, by the insurer of the deceased's employer, Goodale.

I now have for consideration a motion of defendant to dismiss the actions. Four grounds are asserted, but the motion raises only two questions: (1) Is plaintiff precluded from bringing these actions against defendant by reason of the fact that she previously accepted a Workmen's Compensation award from Goodale's insurer? (2) Must Goodale's insurer, being a partial subrogee to these actions, formally join plaintiff as a party to these actions?

In connection with the first question, it is noteworthy that neither defendant nor its insurer has yet been required to pay any compensation for the injury and death of plaintiff's intestate, and if these actions are dismissed as urged, both will have wholly escaped liability.

Defendant argues that if plaintiff's claim is such that it might have been brought against defendant under the Workmen's Compensation Law, then plaintiff cannot recover in a common law action for damages. It is asserted that plaintiff might have recovered an award from defendant by virtue of Section 72–111, Code of Laws of South Carolina 1952, which provides:

"When any person, in this section and §§ 72–113 and 72–114 referred to as 'owner', undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 72–113 to 72–116 referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him."

Although the point is argued at length in the briefs of both parties, I find it unnecessary to decide whether or not the character of the work performed for defendant fell within the terms of the above quoted section, for, in my opinion, the section is not applicable here. The unquestionable purpose of the section is to provide protection for employees of certain subcontractors who would not otherwise be entitled to Workmen's Compensation benefits. In the present actions, Goodale provided coverage under the Workmen's Compensation Law for his employees. Hence, it was unnecessary for plaintiff to resort to the section for benefits.

The cited section imposes absolute liability upon the "owner" only where the "subcontractor" has failed to provide coverage. If the "subcontractor" provides coverage, the "owner's" liability is only secondary. Section 72–115 provides:

"When the principal contractor is liable to pay compensation under any of §§ 72–111 to 72–116, he shall be entitled to indemnity from any person who would have been liable to pay compensation to the workman independently of such sections or from an intermediate contractor, and have a cause of action therefor."

Here, since Goodale provided coverage for plaintiff's intestate, defendant's liability under Section 72–111 was only secondary, and since plaintiff has received an award from Goodale's insurer, defendant is completely relieved of liability under the Workmen's Compensation Law. Defendant is thus a third party within the meaning of the Workmen's Compensation Law, and plaintiff is at liberty to proceed against defendant in the present common law actions.

Marchbanks v. Duke Power Co., 190 S.C. 336, 2 S.E.2d 825, 832, is distinguishable by reason of what is discussed above. There, plaintiff's immediate employer did not provide Workmen's Compensation Coverage (so the facts indicated), and defendant's liability under the provision here in issue was *absolute*. The Court held that plaintiff was eligible for benefits from defendant under the provision and held that such benefits provided plaintiff his exclusive remedy. In holding that plaintiff's remedy under the Workmen's Compensation Law was exclusive, the lower court's decision (which was affirmed) contained the following quotation from a Virginia decision:

" 'To permit the principal contractor to be held liable under the facts shown by the pleadings in the instant case would be to deprive him of the most valuable right promised him by the act, in return for which he had accepted certain burdens in the forms of liability not otherwise imposed upon him. It would allow the plaintiff to claim both under the act and against it. It would be reasonable and fair that if an employer is within the act to bear its liability, he must remain within the act to be accorded its immunities.' "

The Court obviously did not contemplate that its decision should be authority for the result asked for by defendant here. Defendant is seeking to avoid liability both at common law and under the Workmen's Compensation Law. Here, the award made by Goodale's insurer absolved defendant of its secondary liability under the Workmen's Compensation Law, and since defendant is not now " 'within the act to bear its liability,' " it is not entitled " 'to be accorded its immunities.' "

Turning to the second question, there is attached to each of the complaints a "consent" signed by the claims manager of Great American Indemnity Company which states in substance that the Company, being the workmen's compensation carrier for E. B. Goodale and hav-ing paid an award to plaintiff, consents to the bringing of the action.

Section 72–124, Code of Laws of South Carolina, 1952, provides:

"The acceptance of an award under this Title against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other person for such injury or death and such employer shall be subrogated to any such right and may enforce, in his own name *or in the name of the injured employee or his personal representative* the legal liability of such other person. \* \* \*" (Emphasis added.)

Section 72–422 provides:

"When any employer is insured against liability for compensation with any insurance carrier and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer and may enforce any such rights in its own name *or in the name of the injured employee or his personal representative* \* \* \*." (Emphasis added.)

The emphasized portions of the above quoted sections make it crystal clear that the employer or insurer, as the case may be, who has paid an award under Title 72, need not be a nominal party to an action brought against a third person. Defendant suggests that the complaints must at least allege that the actions here are for the benefit of American Indemnity Company as subrogee, but I fail to see that any such allegations are required. The authorities cited by defendant do not sustain such a requirement. In Fuller v. Southern Electric Service Co., 200 S.C. 246, 255, 20 S.E.2d 707, 711, cited by

both sides, the Court recognizes as a "usual" practice in cases of this kind, the procedure employed by plaintiff of having the insurer endorse on the complaint its authorization of the action.

The motion is denied. It is so Ordered.

See also, D.C., 145 F.Supp. 882.