Daniel R. BIEGER, Adm'r, etc., Plaintiff,

v.

CONSOLIDATION COAL CO., Defendant and Third-Party Plaintiff,

v.

COWIN & CO., INC., Third-Party Defendant.

Civ. A. No. 84-0188-A.

United States District Court, W.D. Virginia, Abington Division.

Jan. 20, 1987.

See also 650 F.Supp. 1290.

Robert T. Copeland, Abingdon, Va., for plaintiff.

W. B. Wilcox, Salt Lake City, Utah, W. Wade Massie, Abingdon, Va., C. Adrian White, Bristol, Va., for defendant and third-party plaintiff.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court on cross-motions for summary judgment as to Consolidation Coal Company's third-party complaint.

The underlying facts are as follows. Consolidation Coal Company ("Consol") was developing a mine in southwestern Virginia and had contracted with Cowin and Company ("Cowin") to construct a ventilation shaft for the above-mentioned mine. Their contract provided that Cowin would indemnify Consol for any claims against Consol arising from Cowin's work. The contract states in pertinent part:

> [A]nd Contractor [Cowin] ... shall indemnify and hold harmless Consol, its directors, officers and employees, from and against any and all claims and/or demands including all costs and expenses, including attorney's fees, for ... death to persons ... caused by, arising from, incidental to, connected with or growing out of the work to be performed under this Construction Agreement....

Plaintiff's decedent, Horn, was employed by and working for Cowin in the ventilation shaft when a 40 pound plumb bob accidentally fell the length of the 1400 foot shaft and struck and killed him. Workmen's Compensation precluded plaintiff from seeking additional recovery from Cowin, but plaintiff sued Consol for negligence.

Consol subsequently filed a third-party complaint against Cowin seeking indemnification for all costs, expenses, and attorney's fees incurred on account of plaintiff's action against Consol. Consol moved for summary judgment as to plaintiff's claim against it, which this court granted, leaving Consol's indemnification claim the sole issue before the court.[1] Consol has moved for summary judgment as to the issue of Cowin's liability under the indemnification clause. Cowin has cross-moved for summary judgment asserting as a defense that the Virginia Workmen's Compensation Act invalidates the contractual indemnification provision resulting in Cowin's non-liability to Consol.

The Virginia Workmen's Compensation Act provides in pertinent part:

> § 65.1–40. Employee's rights under Act exclude all others.—The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death. (Code 1950, § 65–37; 1968, c. 660.)

Va.Code Ann. tit. 65.1 § 40 (1980). Cowin alleges that § 65.1–40 invalidates the underlying contractual indemnification clause because that clause would impose additional liability on Cowin in contravention of "[t]he objectives of the Workmen's Compensation Act in limiting the employer's liability and in providing a general no-fault award." Reply Memorandum Opposing Consol's Motion for Partial Summary Judgment and Motion in Support of Cowin's Motion for Summary Judgment, p. 1. However, § 65.1–40 deals with limiting the rights and responsibilities between an em-

---

1. This court's earlier decision that Consol is not liable to plaintiff for Horn's death moots Consol's indemnification claim only insofar as any damages Consol might have had to pay to plaintiff had plaintiff prevailed. The third-party claim still exists for all costs, expenses, and attorney's fees associated with this litigation.

ployee and his employer; and this court will not automatically enlarge it to include other parties.

Cowin asserts that *Virginia Elec. & Power Co. v. Wilson,* 221 Va. 979, 277 S.E.2d 149 (1981), (*"VEPCO"*) requires this court to invalidate the contractual indemnification clause and dismiss Consol's third-party action. In *VEPCO* the court did not allow two defendants to bring a third-party action for contribution or indemnification against plaintiff's employer when plaintiff had received workmen's compensation. The two defendants based their claim on their lack of or relative lack of negligence, and the court indicated that "[w]hat we say here with reference to contribution is equally applicable to indemnity." *VEPCO,* 221 Va. at 981, 227 S.E.2d at 150. However, this court is unpersuaded that the *VEPCO* holding encompasses the instant situation. The reference in *VEPCO* to indemnity is dicta. The defendants based their substantive argument on their lack of negligence or their comparative lack of negligence, and all of the court's analysis focuses on contribution. Furthermore, the court cites *Jennings v. Franz Torwegge Machine Works,* 347 F.Supp. 1288 (W.D.Va.1972), in support of its decision to incorporate indemnity in its holding. *VEPCO,* 221 Va. at 982, 277 S.E.2d at 150. However, the *Jennings* decision dealt exclusively with contribution and does not suggest that the Virginia Workmen's Compensation Act invalidates an express indemnification clause. Finally the *VEPCO* statement that "[w]hat we say here with reference to contribution is equally applicable to indemnity" follows a discussion of the necessity of demonstrating that a plaintiff could have sued a third-party defendant in order to allow the defendant to sue that third-party defendant for contribution. Certain similarities exist between actions for contribution and actions for implied indemnification, but distinct policy objectives prevent this court from advancing the analogy to encompass an express indemnification clause.

The federal courts that regularly interpret Virginia law have consistently held that the Virginia Workmen's Compensation Act does not invalidate an express indemnification provision. For example, in *Burnette v. Gen. Elec. Co.,* 389 F.Supp. 1317 (W.D.Va.1975), the court allowed the defendant to bring a third-party action against plaintiff's employer despite the employer's participation in workmen's compensation when the participating employer had specifically contracted to indemnify the defendant.[2] The court held that "an express contract of indemnity would not be invalidated by the Virginia Workmen's Compensation Act." *Burnette,* 389 F.Supp. at 1321. *See also Western Contracting Corp. v. Power Eng'g Co.,* 369 F.2d 933 (4th Cir.1966). *Cf. Bell v. FRB,* 57 F.R.D. 632 (E.D.Va.1972) (Virginia Workmen's Compensation Act may not bar a suit against a participating employer for indemnification when the employer had contractually agreed to perform work in a reasonably safe manner and an alleged breach of that obligation resulted in the third-party complaint).

The rationale behind workmen's compensation indicates workmen's compensation precludes an action for contribution against an employer but does not prevent that employer from agreeing to indemnify another party. Workmen's compensation originated in the infancy of the industrial revolution to insulate businesses from the possibly fatal consequences of tort liability, and even today it limits a business' potential liability to injured employees to an amount equal to insurance premiums.[3] Allowing a

---

**2.** The underlying contractual provision in *Burnette* is amazingly similar to the indemnification clause at issue. The *Burnette* provision states that the employer " 'will indemnify, save harmless and defend ... from all liability for loss, damage or injury to person or property in any manner arising out of or incident to the

performance of this contract.' " *Burnette,* 389 F.Supp. at 1318–19 (quoting the contract).

**3.** Workmen's compensation also guarantees an injured employee that he will receive compensation without proving negligence on the part of his employer. Neither an action for contribution nor indemnity affects the relative rights

defendant to hold an employer liable for contribution defeats this objective, but allowing an employer to agree to indemnify another party in no way imposes an unexpected liability upon that employer.

Consequently, in light of the absence of Virginia law that is directly on point, this court is of the opinion that both the relevant federal cases and the rationale responsible for workmen's compensation indicate that the Virginia Workmen's Compensation Act does not invalidate an express indemnity clause; and, therefore, Cowin is liable to Consol for all costs, expenses, and attorney's fees incurred on account of plaintiff's action against Consol.

Accordingly, summary judgment will be granted to Consol and denied to Cowin.

In accordance with this memorandum opinion, an Order will be entered granting summary judgment to Consolidation Coal Company with this cause to remain on the docket for a later determination of damages.

and responsibilities between an employee and    his employer.