## CIRCUIT COURT OF FAIRFAX COUNTY

Garrison

v.

Mustang Manufacturing Co. et al.

v.

R. W. Murray Co.

April 21, 1992

Case No. (Law) 103479

By Judge William G. Plummer

This matter came before the Court on Third-Party Defendant R.W. Murray Co.'s Motion for Summary Judgment concerning Washington Air Compressor Rental Co.'s Third-Party Motion for Judgment. Having heard arguments of counsel and having read their memoranda of law, the Court denies R.W. Murray's motion.

R.W. Murray is the employer of Garrison, the plaintiff in the underlying action. While acting in the scope of his employment, Garrison allegedly incurred injuries from the use of loading equipment leased to R.W. Murray by Washington Air Compressor. Garrison sued Washington Air Compressor for its alleged negligence and breach of warranty concerning the loading equipment. Washington Air Compressor then filed a third-party motion for judgment against R.W. Murray seeking indemnification. It grounds its indemnity claim on its lease agreement with R.W. Murray, which provides that R.W. Murray, the lessee, would hold Washington Air Compressor, the lessor, harmless for any injury caused by the use of the equipment during the lease term.

R.W. Murray has moved for summary judgment against Washington Air Compressor on the grounds that Garrison's Worker's Compensation claim constitutes his exclusive remedy against R.W.

Murray for injuries incurred in the scope of his employment. R.W. Murray concludes that under such circumstances, Virginia law precludes an indemnity claim against R.W. Murray for any damages Washington Air Compressor may owe Garrison. As this position challenges the sufficiency of Washington Air Compressor's pleading, the Court will consider this aspect of R.W. Murray's motion as a demurrer rather than as a summary judgment motion.

The exclusive remedy provision of the Virginia Workers' Compensation Act, *see* Va. Code Ann. § 65.2–307 (1991), does not invalidate an express indemnification agreement between an employer and a third party. *Western Contracting Corp. v. Power Eng'g Co.*, 369 F.2d 933 (1966); *Bieger v. Consolidation Coal Co.*, 650 F. Supp. 1294 (W.D. Va. 1987); *see* 2B Larson, *Law of Workmen's Compensation*, §§ 76.00, 76.42 (1991). Code § 65.2–307 regulates the rights and responsibilities between an employee and his employer and does not govern independent contractual relations between the employer and third parties such as R.W. Murray and Washington Air Compressor. *See Bieger*, 650 F. Supp. at 1295–96.

R.W. Murray relies on *VEPCO v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981), to conclude that Virginia law precludes Washington Air Compressor from seeking indemnification. In *VEPCO*, the Court focused on the principles of contribution and rejected the claims of two defendants seeking third-party contribution from an employer of a plaintiff who had received worker's compensation.

The *Bieger* court, however, rejected *VEPCO* as controlling authority concerning the validity of an express indemnity provision. *Bieger*, 650 F. Supp. at 1295–96. Although the *VEPCO* Court suggested in dicta that the law of contribution applies similarly to questions of indemnity, the *Bieger* court declined to extend the *VEPCO* analogy to encompass an *express, contractual* indemnification clause. Likewise, a majority of jurisdictions considers an express contractual indemnity provision to constitute a clear exception to the exclusive-remedy provisions of Worker's Compensation laws. *See generally* Larson, at § 76.42. In light of this abundant authority, this Court is unwilling to extend the dicta from *VEPCO* to require a dismissal of Washington Air Compressor's *contractual* indemnification claim. The Court finds that R.W. Murray's potential indemnification obligation is independent from those rights and responsibilities governed by the Virginia Workers' Compensation Act.

Reasoning that courts should be reluctant to enforce indemnification against one's own negligence, R.W. Murray further asserts that the lease provision under which it agreed to hold Washington Air Compressor harmless is not sufficiently clear and explicit to require R.W. Murray to indemnify Washington Air Compressor for the latter's own negligence. R.W. Murray contends that the language in the indemnification clause is ambiguous as to whether it agreed to hold Washington Air Compressor harmless for injuries resulting from a defective condition existing prior to when R.W. Murray obtained possession of the loader.

The Court finds the lease provision to be unambiguous and enforceable. R.W. Murray expressly agreed to indemnify Washington Air Compressor for *"any* injury or damage to property or person caused by the use [of the loader]" (emphasis added) from the time the loader was delivered to R.W. Murray until it was returned to the lessor. Certainly, Garrison's alleged injuries fall within the ambit of "any injury." Moreover, contrary to R.W. Murray's assertion, the Court does not find the indemnification agreement to be unconscionable or contrary to public policy. The indemnification agreement appears simply to be a promise by R.W. Murray to insure Washington Air Compressor against any liability arising from the use of the loading equipment. Such insurance contracts are commonly enforced and the Court does not discern any unique or distinguishing factor to render this lease provision unconscionable. Accordingly, the Court denies R.W. Murray's Motion for Summary Judgment.