**BET PLANT SERVICES, INC. d/b/a BPS Equipment Rental and Sales, Plaintiff,**

v.

**W.D. ROBINSON ELECTRIC COMPANY, INC., Defendant.**

C/A No. 2:96–1796–18.

United States District Court, D. South Carolina, Charleston Division.

Oct. 11, 1996.

Duke Highfield, Charleston, SC, for plaintiff.

John Tiller, Charleston, SC, for defendant.

### ORDER

NORTON, District Judge.

This action is before the court on Defendant's Motion to Dismiss or in the alternative for Judgment on the Pleadings.

### I. Background

Defendant contracted with Plaintiff for the rental of a lift to be used on certain contracting jobs. The parties' agreement contains a clause which provides for indemnification of Plaintiff by Defendant in the event that Plaintiff must pay damages for any occurrence arising out of the use of the equipment during the rental period. The agreement also states that Defendant must properly instruct its employees in the use of the equipment and ensure the safety of its employees in their use of it.

Plaintiff seeks damages it incurred as a result of an accident in which one of Defendant's employees, Stephen Moore, was injured while operating the lift. At the time of the accident, Moore was Defendant's employee. Defendant paid worker's compensation benefits to Moore for the accident. Moore subsequently sued Plaintiff for negligence, strict liability, and breach of warranties.

Plaintiff incurred damages defending and settling Moore's claims. Plaintiff has brought a contractual indemnification and breach of contract claim against Defendant.

Defendant moves to dismiss the Complaint or in the alternative for a judgment on the pleadings, based upon the South Carolina Workers' Compensation Act ("the Act"). Defendant argues that, pursuant to the Act, it has satisfied any claims Plaintiff may have against it.

### II. Analysis

When considering a motion to dismiss, the court must consider the facts pled in the Complaint in the light most favorable to the non-moving party. *Martin Marietta Corp. v. International Telecommunications Satellite Org.*, 991 F.2d 94 (4th Cir.1992). A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

When considering a motion for judgment on the pleadings, the same standard as that for a motion to dismiss applies. *Craigs v. General Elec. Capital Corp.*, 12 F.3d 686 (7th Cir.1993). Essentially, a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff. *Holmes v. Curtis Publishing Co.*, 303 F.Supp. 522 (D.S.C.1969).

Plaintiff's breach of contract claim should be dismissed while his indemnification claim should not. Defendant's arguments are based on the South Carolina Workers' Compensation Act, specifically § 42–1–580 [1] relating to third party claims. Section 42–1–580 provides:

> When the facts are such that at the time of the injury the third person [Plaintiff] would have the rights, upon payment of any recovery against him, to enforce contribution or indemnity from the employer [Defendant], any recovery by the employee [Moore] against the third person [Plaintiff]

---

1. Defendant also cites to § 42–1–540, the exclusive remedy provision, arguing that its only obligation to Moore was for benefits due under the Act. Although Defendant may be correct, the exclusive remedy provision is inapplicable to Plaintiff's claims against Defendant.

shall be reduced by the amount of such contribution or indemnity and the third person's [Plaintiff's] right to enforce such contribution against the employer [Defendant] shall therefore be satisfied.

S.C.Code Ann. § 42–1–580. Under this section, an employer's payment of benefits to an employee generally satisfies all claims that third parties might have against the employer arising out of the same accident. However, a workers' compensation statute does not insulate an employer from liability under an express indemnification agreement. *See Bell Helicopter Textron, Inc. v. United States*, 967 F.2d 307 (9th Cir.1992) (noting that Alaskan workers' compensation laws permit an employer to be joined as a third-party defendant only when another party asserts an express indemnity claim against it); *Bieger v. Consolidation Coal Co.*, 650 F.Supp. 1294 (W.D.Va.1987) (finding that an express contract of indemnity would not be invalidated by the Virginia Workmen's Compensation Act); *Burnette v. Gen. Elec. Co.*, 389 F.Supp. 1317 (W.D.Va.1975) (allowing defendant to bring a third-party action against plaintiff's employer despite the employer's participation in workmen's compensation when the participating employer had specifically contracted to indemnify the defendant); *see also Fuller v. Southern Electric Service Co.*, 200 S.C. 246, 20 S.E.2d 707 (1942).

In *Fuller*, an employee was injured by an independent contractor and sued him. The independent contractor attempted to bring the employer into the action as a third-party defendant, alleging that the employer breached its contract with him to purchase liability insurance. The court refused to allow the independent contractor to defend the action against him based upon his contract with the employer. However, the court held that he could bring a separate action against the employer for breach of contract because it was unrelated to the employee's accident and involved a "preexisting arrangement" between him and the employer. Similarly, Plaintiff's contract with Defendant contains an indemnification provision which is a preexisting arrangement with Defendant unrelated to Moore's accident.

Defendant argues that *Daniels v. Conrad Construction Co. v. Joe Harden Builder, Inc.*, No. 93–UP–119, unpublished opinion (S.C.Ct.App./April 22, 1993), establishes that a third-party cannot maintain an action against an employer for indemnification. *Daniels* is distinguishable from the present case primarily because it involved a tort claim, not a contract claim. In *Daniels*, an employee was injured by one of his employer's subcontractors. The employee recovered workers' compensation from his employer and then sued the subcontractor. The subcontractor attempted to bring a third-party action against the employer seeking contribution and indemnification. He alleged that the employee's accident was a result of the employer's negligence in failing to install safety railings. The court ultimately dismissed the subcontractor's Complaint, explaining that the workers' compensation laws barred the third-party suit against the employer. The subcontractor had not brought an independent breach of contract or contractual indemnification claim against the employer.

The subcontractor subsequently brought a separate action against the employer for negligence, indemnity, and breach of contract. *Conrad v. Harden*, C/A No. 95–CP–07–1127. He did not bring an independent contractual indemnification claim. Apparently, the breach of contract claim was based upon the subcontractor's contract with the employer, which required the installation of safety railings. The trial court dismissed the action, concluding that the workers' compensation laws barred the action. *Conrad v. Harden*, C/A No. 95–CP–07–1127, (March 10, 1995) (order granting motion to dismiss). The trial court ultimately determined that the subcontractor's breach of contract claim related to facts existing "at the time of the injury" and, thus, was barred by section 42–1–580 of the South Carolina Workers' Compensation Act.

In addressing the breach of contract claim, the *Conrad* court distinguished the *Fuller* case. *Fuller* involved a preexisting contract and a situation in which the employee's accident would have happened regardless of the employer's breach of contract to purchase insurance. *Conrad* involved a subcontract

with a provision requiring the employer to install safety railings. The subcontractor argued that the employee's accident would not have happened but for the employer's failure to install safety railings, as required by the contract. Similar to *Conrad*, Plaintiff's breach of contract claim is based upon contractual language requiring Defendant to instruct its employees, namely Moore, in the proper use of equipment. Plaintiff's argument appears to be that, but for Defendant's alleged failure to instruct, Moore's injury would not have occurred.

Plaintiff's indemnification claim is analogous to *Fuller*, while his breach of contract claim is analogous to *Conrad*. As in *Fuller*, Moore's accident would have happened regardless of Defendant's alleged failure to indemnify Plaintiff. However, as in *Conrad*, Moore's accident allegedly would not have happened but for Defendant's breach of contract. Accordingly, Plaintiff's breach of contract claim should be dismissed. Plaintiff's contractual indemnification claim should not.

It is therefore,

**ORDERED,** that Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim is **GRANTED.** Defendant's Motion to Dismiss Plaintiff's Contractual Indemnification Claim and Motion for Judgment on the Pleadings are **DENIED.**

**AND IT IS SO ORDERED.**